UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA      )
                              )      Case No.   1-16-MJ-1
vs.                           )
                              )
DANIELLE TAYLOR               )      JUDGE STEGER

MEMORANDUM AND ORDER

Defendant, Danielle Taylor, appeared for a hearing before the undersigned on January 4, 2016, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, on a Criminal Complaint out of the Northern District of Georgia at Atlanta (Case No. 1:15-MJ-1056).

After being sworn in due form of law, Defendant Taylor was informed or reminded of her privilege against self-incrimination under the 5th Amendment to the United States Constitution.

Defendant Taylor was also advised of her right to be represented by counsel under the 6th Amendment.   The Court determined that Defendant Taylor wished to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense.   Consequently, the Court appointed Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant Taylor.   Defendant Taylor was furnished with a copy of the Complaint and had an opportunity to review that document with her attorney.   The Court determined that Defendant Taylor was capable of being able to read and understand the Complaint.

The Government moved the Court to detain Defendant Taylor without bail pending the trial of United States of America v. Qadir Shabazz, Case No. 1:13-CR-441, in the Northern District of Georgia ("the Criminal Case").   As bases for the Government's motion, it contended that Defendant Taylor is a material witness in the Criminal Case and that it is impracticable to secure by subpoena Defendant Taylor's attendance as a witness at the trial of such case.

Explanation of Rules 5 and 5.1 of the Federal Rules of Criminal Procedure was made to Defendant Taylor.   Following consultation with her counsel, Defendant Taylor requested a preliminary hearing and detention hearing in this district.

AUSA Michael Porter called United States Postal Inspector Nathaniel Sims as a witness. Agent Sims testified to the facts outlined in the affidavit attached to the Criminal Complaint. More specifically, he detailed Defendant Taylor's refusal to comply with subpoenas previously served upon her in connection with the Criminal Case, as well as her efforts to avoid service of additional subpoenas.   Agent Sims was cross-examined by Defendant's counsel, Myrlene Marsa.

At the conclusion of Agent Sims' testimony, Defendant Taylor's counsel, Ms. Marsa, proffered proof to the effect that Defendant Taylor would voluntarily appear for the trial of the Criminal Case currently scheduled to start on January 19, 2016, and Defendant Taylor's child's grandfather, who was present in Court for the hearing, would take responsibility to assure that Defendant Taylor was present to testify as a witness at such trial.

Having heard the testimony of Agent Sims, the proffer of proof from Defendant Taylor, and argument from counsel, the Court finds that there is probable cause to establish that Defendant Taylor's testimony is material in the Criminal Case and that Defendant Taylor has failed to appear as required by earlier subpoenas served upon her in connection with the Criminal Case, has actively avoided service of subpoenas, and has expressed to Agent Sims an unwillingness to comply with any subpoena served upon her. Consequently, pursuant to 18 U.S.C. § 3144, the Court finds that Defendant Taylor should be detained to secure her testimony in the Criminal Case.

It is, therefore, ORDERED:

1. Defendant Danielle Taylor shall be detained without bail pending her transfer to the Northern District of Georgia at Atlanta, which transfer shall be accomplished as soon as practicable by the United States Marshal.

2. Defendant Taylor shall continue to be detained in the Northern District of Georgia at Atlanta until the trial of the Criminal Case on January 19, 2016.

3. In the event the trial of the Criminal Case does not commence on January 19, 2016, Defendant's deposition shall be taken on January 19, 2016, and she shall be released from detention immediately following such deposition.

4. In the event the trial of the Criminal Case does commence on January 19, 2016, the government shall call Defendant as a witness on the first day that it calls witnesses to the stand, and Defendant shall be released from detention immediately following the completion of her testimony at trial.

5. This Order is subject to revocation or revision by the United States District Court in the Northern District of Georgia at Atlanta.

ENTER.

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE